# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| HILLTOP HOLDINGS INC., | § § § | |
| Plaintiff, | § § | CIV. A. NO. 3:22-cv-0907-S |
| v. | § § § | |
| AIG SPECIALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

## DEFENDANT AIG SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant AIG Specialty Insurance Company ("ASIC") files this Answer to Plaintiff Hilltop Holdings Inc.'s ("Hilltop" or "Plaintiff") Second Amended Complaint ("Complaint"). ASIC files this Answer subject to, and without prejudice to, its motion to dismiss filed on May 10, 2024. The paragraphs in this Answer correspond to those in the Complaint. Unless expressly admitted, all allegations in the Complaint are denied.

### I. INTRODUCTION

1. ASIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations on that basis.

2. ASIC denies the allegations contained in this paragraph.

3.     ASIC states that the allegations in this paragraph are not factual allegations susceptible to a response.  To the extent a response is necessary, ASIC denies the allegations.

## II.   PARTIES

4.     ASIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations on that basis.

5.     ASIC admits that it is a surplus lines carrier eligible to engage in business in Texas.  ASIC also admits that it is an Illinois corporation with its principal place of business in New York.  ASIC also admits that it made an appearance in this case.  ASIC states that this paragraph asserts legal conclusions regarding jurisdiction and therefore no response is required.

6.     ASIC admits the allegation contained in this paragraph.

## III.   JURISDICTION

7.     ASIC states that this paragraph asserts legal conclusions regarding jurisdiction and therefore no response is required.

## IV.   VENUE

8.     ASIC admits the allegation contained in this paragraph.

## V.   CONDITIONS PRECEDENT

9. ASIC denies the allegations contained in this paragraph because Hilltop did not submit itemized bills to ASIC, did not segregate its fees between covered allegations and non-covered allegations, and has failed to adhere to the cooperation and consent provisions of the Policy. In addition, the fees for which Hilltop seeks reimbursement were not reasonable and necessary.

## VI.   POLICY AT ISSUE

10. This paragraph contains allegations regarding the Policy, which speaks for itself and is the best evidence of its contents. ASIC denies any allegations inconsistent with the plain language of the Policy and denies any remaining allegations in this paragraph.

11. This paragraph contains allegations regarding the Policy, which speaks for itself and is the best evidence of its contents. ASIC denies any allegations inconsistent with the plain language of the Policy and denies any remaining allegations in this paragraph.

12. This paragraph contains allegations regarding the Policy, which speaks for itself and is the best evidence of its contents. ASIC denies any allegations inconsistent with the plain language of the Policy and denies any remaining allegations in this paragraph.

13. ASIC admits the allegation contained in this paragraph.

14. This paragraph contains allegations regarding the Policy, which speaks for itself and is the best evidence of its contents.  ASIC denies any allegations inconsistent with the plain language of the Policy and denies any remaining allegations in this paragraph.

15. This paragraph contains allegations regarding the Policy, which speaks for itself and is the best evidence of its contents.  ASIC denies any allegations inconsistent with the plain language of the Policy and denies any remaining allegations in this paragraph.

16. This paragraph contains allegations regarding the Policy, which speaks for itself and is the best evidence of its contents.  ASIC denies any allegations inconsistent with the plain language of the Policy and denies any remaining allegations in this paragraph.

17. This paragraph contains allegations regarding the Policy, which speaks for itself and is the best evidence of its contents.  ASIC denies any allegations inconsistent with the plain language of the Policy and denies any remaining allegations in this paragraph.

18. This paragraph contains allegations regarding the Policy, which speaks for itself and is the best evidence of its contents.  ASIC denies any allegations inconsistent with the plain language of the Policy and denies any remaining allegations in this paragraph.

## VII. FACTUAL ALLEGATIONS

**Underlying Lawsuits**

19. ASIC admits the allegation contained in this paragraph.

20. ASIC admits the allegation contained in this paragraph.

21. ASIC lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph regarding PCB's current position in the Guarantors Lawsuit. ASIC admits the remaining allegations contained in this paragraph.

22. ASIC lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph regarding PCB's current position in the Teekell Lawsuit. ASIC admits the remaining allegations contained in this paragraph.

23. This paragraph contains allegations regarding the Policy, which speaks for itself and is the best evidence of its contents. ASIC denies any allegations inconsistent with the plain language of the Policy, and denies any remaining allegations in this paragraph.

**Claims Handling**

24. ASIC admits that on August 1, 2016, Hilltop's broker provided ASIC with notice of the Guarantors Lawsuit. ASIC also admits that it hired coverage counsel. ASIC denies any remaining allegations in this paragraph.

25. ASIC admits that it acknowledged receipt of the notice of the Guarantors Lawsuit on August 2, 2016. ASIC also admits that on November 15, 2016, it sent a letter to Hilltop accepting Hilltop's "notice of claim" as notice of circumstances that may give rise to a Claim being made against an Insured. ASIC's November 15, 2016 letter is the best evidence of its contents, and ASIC denies any allegations inconsistent with the plain language of the letter. ASIC denies any remaining allegations in this paragraph.

26. ASIC admits the allegation contained in this paragraph.

27. ASIC admits that on June 16, 2017, it sent a letter to Hilltop acknowledging receipt of the counterclaims. ASIC's June 16, 2017 letter is the best evidence of its contents, and ASIC denies any allegations inconsistent with the plain language of the letter. ASIC denies any remaining allegations in this paragraph.

28. ASIC admits the allegation contained in this paragraph.

29. ASIC admits that on January 23, 2018, Hilltop's defense counsel corresponded with ASIC's coverage counsel regarding the counterclaims and the Guarantors Lawsuit. ASIC denies any remaining allegations in this paragraph.

30. ASIC admits the allegation contained in this paragraph.

31. ASIC admits that on July 12, 2018, Hilltop's defense counsel corresponded with ASIC's coverage counsel regarding the counterclaims and the Guarantors Lawsuit. ASIC denies any remaining allegations in this paragraph.

32. ASIC admits that on October 10, 2018, Hilltop's defense counsel corresponded with ASIC's coverage counsel regarding the counterclaims and the Guarantors Lawsuit. ASIC denies any remaining allegations in this paragraph.

33. ASIC admits that in January 2019, Hilltop's insurance broker informed ASIC's coverage counsel that Hilltop's attorney's fees incurred in the Guarantors Lawsuit were approximately $5-$6 million. ASIC denies any remaining allegations in this paragraph.

34. ASIC denies the allegations contained in this paragraph.

35. ASIC admits that in March and April 2019, Hilltop's counsel and/or its broker corresponded with ASIC. ASIC denies any remaining allegations in this paragraph.

36. ASIC admits that on November 7, 2019, ASIC's coverage counsel sent a letter to Hilltop acknowledging receipt of a pleading naming PCB and Sam Wooten in the Teekell Lawsuit. ASIC's November 7, 2019 letter is the best evidence of its contents, and ASIC denies any allegations inconsistent with the plain language of the letter. ASIC denies any remaining allegations in this paragraph.

37. ASIC admits that on or around November 22, 2019, Hilltop provided a partial production of select attorney's fee invoices for the Guarantors Lawsuit and the Teekell Lawsuit. ASIC denies any remaining allegations in this paragraph.

38. ASIC admits that on or around July 23, 2021, ASIC's coverage counsel provided Hilltop with an analysis of the attorney's fees received. ASIC denies any remaining allegations in this paragraph.

39. ASIC admits that on or around July 23, 2021, ASIC's coverage counsel provided Hilltop with an analysis of the attorney's fees received. ASIC admits that it indicated it would recognize $535,423.61 in covered Defense Costs related to the Guarantors Lawsuit and $203,440.59 in covered Defense Costs related to the Teekell Lawsuit for a total of $738,864.20. ASIC denies any remaining allegations in this paragraph.

40. ASIC denies the allegations contained in this paragraph.

41. ASIC admits that it contends its coverage interpretation is correct. ASIC denies the remaining allegations contained in this paragraph.

42. ASIC denies that its review of Hilltop's attorney's fees invoices was insufficient or that Hilltop was forced to conduct its own review of the invoices. ASIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies such allegations on that basis.

43. ASIC admits that on or about October 27, 2021, Hilltop informed ASIC that it disagreed with the analysis performed by ASIC's coverage counsel of the attorney's fees invoices. ASIC lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in this paragraph and therefore denies such allegations on that basis.

44.     ASIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations on that basis.

45.     ASIC admits that it has credited Hilltop $1,064,336.15 in covered Defense Costs under the Policy, and has paid Hilltop $314,336.15 in excess of the $750,000 Retention. ASIC also admits that in February 2023, ASIC made a payment of $109,077.22 to Hilltop.  In April 2023, ASIC made a payment of $179,428.99 to Hilltop. In August 2023, ASIC made a payment of $25,829.94 to Hilltop.  ASIC denies any remaining allegations contained in this paragraph.

46.     ASIC lacks knowledge or information sufficient to form a belief as to the truth of Hilltop's allegations that it has paid the total amount of attorney's fees and costs incurred in the Guarantors Lawsuit and in the Teekell Lawsuit, and therefore denies such allegations on that basis.  ASIC denies any remaining allegations contained in this paragraph.

### VIII. CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

47.     ASIC incorporates its answers to the preceding paragraphs by reference as if fully restated herein.

48. This paragraph contains conclusions of law to which no response is required.

49. ASIC admits that Hilltop has paid the required premiums under the Policy. ASIC denies any remaining allegations in this paragraph.

50. ASIC denies the allegations contained in this paragraph.

51. ASIC denies the allegations contained in this paragraph.

52. ASIC denies the allegations contained in this paragraph.

## COUNT II
## VIOLATIONS OF TEXAS PROMPT PAY OF CLAIMS ACT

53. ASIC incorporates its answers to the preceding paragraphs by reference as if fully restated herein.

54. This paragraph contains conclusions of law to which no response is required.

55. ASIC denies the allegations contained in this paragraph.

56. This paragraph contains conclusions of law to which no response is required.

57. ASIC denies the allegations contained in this paragraph.

## COUNT III
## UNFAIR OR DECEPTIVE INSURANCE PRACTICES
## -   VIOLATIONS OF TEX. INS. CODE 541.001

58. ASIC incorporates its answers to the preceding paragraphs by reference as if fully restated herein.

59. ASIC denies the allegations contained in this paragraph.

60. ASIC denies the allegations contained in this paragraph.

61. Subject to, and without prejudice to, its motion to dismiss filed on May 10, 2024, ASIC denies the allegations contained in this paragraph.

62. Subject to, and without prejudice to, its motion to dismiss filed on May 10, 2024, ASIC denies the allegations contained in this paragraph.

63. ASIC denies the allegations contained in this paragraph.

64. Subject to, and without prejudice to, its motion to dismiss filed on May 10, 2024, ASIC denies the allegations contained in this paragraph.

## COUNT IV
## ATTORNEYS' FEES AND STATUTORY INTEREST

65. ASIC incorporates its answers to the preceding paragraphs by reference as if fully restated herein.

66. ASIC denies the allegations contained in this paragraph.

67. ASIC denies the allegations contained in this paragraph.

68. ASIC states that this paragraph asserts legal conclusions regarding Hilltop's request for its attorney's fees in bringing this lawsuit and therefore no response is required.

## IX. JURY DEMAND

69. ASIC states that the allegation in this paragraph is not a factual allegation susceptible to a response.

## X.  RELIEF REQUESTED

70. ASIC denies that Hilltop is entitled to any relief that it seeks.

## DEFENSES

Without conceding that any of the following are affirmative defenses or that ASIC has the burden of proving the allegations or denials of the following, ASIC pleads the following defenses.

1. Coverage is barred, in whole or in part, because the fees that Hilltop seeks to recover do not constitute Loss as defined by the Policy.

2. Coverage is barred, in whole or in part, because the fees that Hilltop seeks to recover do not constitute Defense Costs as defined by the Policy.

3. Coverage is barred, in whole or in part, by BPL Coverage Section 2(a) to the Policy, known as the "conduct exclusion."

4. Coverage is barred, in whole or in part, because Hilltop has not segregated its fees between covered allegations and non-covered allegations.

5. Recovery is barred, in whole or in part, because Hilltop failed to adhere to the cooperation and consent provisions in Section 4(c) in the BPL Coverage Section of the Policy.

6. Recovery is barred, in whole or in part, to the extent Hilltop did not incur the fees and expenses for which it sues.

7. Recovery is barred, in whole or in part, because the fees that Hilltop seeks to recover are not reasonable and necessary.

**PRAYER FOR RELIEF**

ASIC requests that Hilltop take nothing by this action and that ASIC be awarded its costs of court and other expenses to which it is justly entitled.  ASIC further requests such other relief, general and specific, legal and equitable, to which it is justly entitled.

Dated: May 10, 2024

Respectfully submitted,

/s/ *Robert S. Harrell*
Robert S. Harrell
Texas Bar No. 09041350
Gary W. Johnson
Texas Bar No. 24083257
James B. Danford, Jr.
Texas Bar No. 24105775
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
Tel:  713-238-2700
Email: rharrell@mayerbrown.com
Email: gjohnson@mayerbrown.com
Email: jdanford@mayerbrown.com

Jo Allison Stasney
Texas Bar No. 19080280
Thompson, Coe, Cousins & Irons, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Tel: 214-871-8200
jstasney@thompsoncoe.com

*Counsel for Defendant AIG Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 10, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ James B. Danford, Jr.*
James B. Danford, Jr.